DANAHY, Acting Chief Judge.
The appellant, who is the personal representative of a decedent’s estate, challenges the ruling of the trial judge that the failure of the personal representative to serve a copy of her objection to claim on one of two joint claimants constituted an abandonment of the objection as to that claimant under the provisions of section 733.705(2), Florida Statutes (1987). We affirm.
The appellee, who is the adult son of the decedent, and his mother and former spouse of the decedent, Martha B. Hayden, as co-claimants timely filed two joint claims against the decedent’s estate. Each claim recited the same Ohio address for each claimant and stated that Martha B. Hayden was represented by a St. Petersburg attorney, whose name and address were listed.
The appellant, as personal representative, timely filed objections to both claims. She also timely served a copy of each objection on the attorney for Martha B. Hayden. Subsequently Martha B. Hayden filed a separate civil action on the claims. The appellant made an admittedly untimely service of a copy of each objection on the appellee.
Section 733.705, Florida Statutes (1987), provides that a personal representative shall serve a copy of an objection to a claim by registered or certified mail to the address of the claimant as shown on the claim , not later than ten days after the objection has been filed. The statute expressly states that “the failure to serve a copy of the objection constitutes an abandonment of the objection.”
The appellee filed a petition for payment of claims, which the appellant resisted by means of a motion to dismiss. Following a hearing, the trial judge entered an order denying the motion to dismiss based on his ruling that service of a timely objection to claim on one of two joint claimants does not suffice as service on the claimant not served, and the appellant did not timely serve the appellee with a copy of her objection to claim as required by section 733.-705(2). The appellant then filed a petition for extension of time within which to serve *316 objections to claims. That petition was also denied. This appeal followed.
We agree with the appellant that section 733.705(2) does not expressly address the procedure to be followed when a single claim is filed by multiple claimants. We also recognize that the joint claimants in this case are mother and son and that the appellee was no doubt aware of the objection to claim served on his mother, and of his mother’s independent civil action with respect to the claims. The appellant suggests that where a single claim is filed by multiple claimants, the word “claimant” as used in the statute should refer to the multiple legal entities and that service of a copy of the objection on one entity as implied agent for the others should be legally sufficient as to the others.
While we are sympathetic with the appellant’s position, we cannot agree with her reading of the statute, and we find no merit in the various theories suggested by the appellant as a basis for ruling as a matter of law that service of an objection on one of multiple claimants suffices as service on the others. In this case, the joint filing of a claim by the appellee and his mother did not create any legal relationship between them by which service on one could be deemed service on the other. Section 733.705(2) requires service of a copy of the objection by registered or certified mail to the address of the claimant as shown on the claim or by delivery to the claimant to whose claim the person objects or the claimant’s attorney of record, if any, not later than ten days after the objection has been filed. Where two or more persons or entities join in the filing of a claim, we believe the statute clearly requires that each claimant be served. The appellee is a claimant and he was not served within the time specified.
This result may not be the most desirable in every case and may indeed constitute a trap for the unwary personal representative, as the appellant suggests. Nevertheless, we are bound by the plain words of the statute. If it would promote the efficient administration of an estate to permit service of a copy of an objection on one of multiple co-claimants to be considered service on all, and if that is sufficient as a practical matter, the legislature can so provide by an appropriate amendment to the statute.
We find no abuse of discretion in the trial judge’s denial of the appellant’s petition for an extension of time within which to serve copies of her objections to claims. See In re Estate of Robins, 463 So.2d 273 (Fla. 2d DCA 1984).
Affirmed.
SCHOONOVER and PARKER, JJ., concur.